# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| Tiffany P. Charles | Fed Docket: 1:22-cv-3549 |
|---|---|
| Versus | JUDGE: |
| Trisura Specialty Insurance Company, CCampos Trucking LLC, and Jose R. Rodriguez Montemayor | MAGISTRATE: |

## DEFENDANT'S ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes defendant Trisura Specialty Insurance Company sought to be made defendant herein, who for answer to Petition for Damages respectfully represents:

I.

The allegations contained in Paragraph 1 of plaintiff's Petition for Damages are denied except to admit the status of Trisura Specialty Insurance Company.

II.

The allegations contained in Paragraph 2 of plaintiff's Petition for Damages are denied for a lack of sufficient information upon which to justify a belief therein.

III.

The allegations contained in Paragraph 3 of plaintiff's Petition for Damages are denied for a lack of sufficient information upon which to justify a belief therein.

IV.

The allegations contained in Paragraph 4 of plaintiff's Petition for Damages are denied for a lack of sufficient information upon which to justify a belief therein.

V.

The allegations contained in Paragraph 5 of plaintiff's Petition for Damages are denied for lack of information sufficient to justify a belief herein.

VI.

The allegations contained in Paragraph 6 of plaintiff's Petition for Damages are denied for a lack of sufficient information upon which to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of plaintiff's Petition for Damages are denied for a lack of sufficient information upon which to justify a belief therein.

VIII.

The allegations contained in Paragraph 8 of plaintiff's Petition for damages are denied except to admit that certain certificates, policies and/or evidence of insurance were issued on behalf of Trisura Specialty Insurance Company.  Defendant avers that said certificates, policies and/or evidence of insurance are the best evidence of their own contents and denies anything at variance therewith.  Defendant further specifically pleads said certificates, policies and/or evidence of insurance and their terms, exclusions, conditions, endorsements and limitations as if set forth hereinafter in extenso.

IX.

The allegations contained in Paragraph 9 of plaintiff's Petition for Damages are denied for a lack of sufficient information upon which to justify a belief therein.

X.

The allegations contained in Paragraph 10 of plaintiff's Petition for Damages are denied for a lack of sufficient information upon which to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of plaintiff's Petition for Damages are denied for a lack of sufficient information upon which to justify a belief therein.

XII.

The allegations contained in Paragraph 12 of plaintiff's Petition for Damages are denied for a lack of sufficient information upon which to justify a belief therein.

XIII.

The allegations contained in Paragraph 13 of plaintiff's Petition for Damage are denied for a lack of sufficient information upon which to justify a belief therein.

AND NOW FURTHER ANSWERING:

**FIRST DEFENSE**

It is averred that the accident referred to herein was caused in whole or in part by Tiffany P. Charles in the following respects:

a) Failure to use reasonable care

b) Failure to avoid the accident

c) Failure to see what she should have seen

d) Careless operation

e) Improper driving

f) Being inattentive

g) Last clear chance

h) Other acts of negligence to be shown at trial

**SECOND DEFENSE**

Defendant alleges and avers that the plaintiff has failed to mitigate her alleged damages and recovery herein is defeated or mitigated.

### THIRD DEFENSE

Defendant avers that Defendant is entitled to a credit and/or set off for any and all payments made to or on behalf of Plaintiff by any person or entity and expressly pleads extinguishment of any obligation due to Plaintiff to the full extent of any such payments.

### FOURTH DEFENSE

Defendant avers that any injuries and damages allegedly sustained by Plaintiff, which are at all times herein denied, are the result of pre-existing conditions, the origin and subsequent repair of which did not arise out of, result from, or relate to the accident at issue herein.

### FIFTH DEFENSE

Defendant reserves the right to amend this Answer, Affirmative Defenses and Exceptions setting forth additional affirmative defenses and/or file incidental demands as discovery is ongoing and as the facts may later disclose and require.

### SEVENTH DEFENSE

Defendant pleads a No Pay/No Play credit should the facts bear out that the plaintiff was not insured as required by law.

### JURY DEMAND

Defendant hereby requests a trial by jury of this matter on all issues triable by jury.

**WHEREFORE**, the premises considered, defendant Trisura Specialty Insurance Company prays that this, its Answer to the Petition for Damages of the plaintiff, be deemed good and sufficient and that after due proceedings are had there be judgment herein in defendant's favor and against plaintiff, dismissing plaintiff's suit at his cost, and that defendant be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted,

***PERRIER & LACOSTE, LLC***

_____
**SEAN P. RABALAIS #28410**
**GUY D. PERRIER, #20323**
Email: Srabalais@perrierlacoste.com
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Telephone: (504) 212-8819
Facsimile: (504) 535-2595
*Attorneys for Defendant, Trisura Specialty Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing Answer has been served on all parties of record by facsimile transmission, E-mail and/or by depositing same in the U.S. Mail, postage pre-paid and properly addressed, this 24th day of August, 2022.

_____
SEAN P. RABALAIS